```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```
_____

GAELIN D. NEELY,                )
                                )
     Petitioner,                )
                                )
v.                              )    No. 06-2782 B/P
                                )
UNITED STATES OF AMERICA        )
and SPECIAL AGENT ANDRE BROOKS, )
                                )
     Respondents.               )

_____

                     REPORT AND RECOMMENDATION
_____

     Before the court, by order of reference, is petitioner Gaelin D. Neely's Petition to Quash Internal Revenue Service Summons, filed November 17, 2006 (D.E. 5).  In response to the petition, respondents United States of America and Special Agent Andre Brooks (collectively "United States") filed a Motion to Dismiss Petition to Quash on January 16, 2007 (D.E. 12).  Neely did not file a response to the United States' motion to dismiss, and as a result, the court entered an order on March 14, 2007, directing Neely to show cause why the motion to dismiss should not be granted.  On March 15, 2007, Neely filed his response to the show cause order, stating that he is "submitting the matter on the pleadings to the court for decision."

     For the reasons below, the court recommends that the United States' motion to dismiss be granted and Neely's motion to quash be

denied.

## I. PROPOSED FINDINGS OF FACT

Andre Brooks, who is employed as a Special Agent by the Internal Revenue Service ("IRS") Criminal Investigation division in Memphis, Tennessee, is currently conducting an investigation relating to Neely's income tax returns and information provided to the bankruptcy court regarding his income for the years 2002, 2003, 2004, and 2005. (Brooks Decl. ¶¶ 1-2). As part of his investigation, Agent Brooks issued an administrative summons, Internal Revenue Service Form 2039, to Doug Shelton, who is Neely's accountant, and as asserted in Neely's petition to quash, is also his attorney. (Id. ¶¶ 4-5). The summons directed Shelton to give testimony and to produce books, papers, records, and other data on November 20, 2006, pertaining to Neely, Dianechia Neely, Mike's Liquor and Neely's Liquor. (Id. ¶ 5).

Agent Brooks served the summons on Shelton on October 26, 2006, by handing a copy of the summons to Shelton at 2650 Thousand Oaks Boulevard, Suite 2200, Memphis, Tennessee.[1] (Id. ¶ 5-6). In compliance with 26 U.S.C. § 7602, Agent Brooks gave notice of the service of the summons to Neely on October 27, 2006, by sending the summons via certified mail to Neely's last known address at 2710

---

[1] Shelton did not appear or produce any records on November 20, 2006, in response to the summons. (Id. ¶ 7)

Morning Woods Drive, Cordova, Tennessee 38018.[2]  (Id. ¶ 6).  The notice informed Neely that he could challenge the summons by filing a petition to quash in the United States District Court for the district where he resides "within 20 days from the date of this notice."  On November 17, 2006 – twenty-one days after the date that notice was sent to him – Neely filed his petition to quash with this court.

## II.  PROPOSED CONCLUSIONS OF LAW

When conducting a tax investigation, "the IRS is authorized to examine any relevant documentation and summon any person in possession of relevant information or documentation."  Beck v. United States, 60 Fed.Appx. 551, 552 (6th Cir. 2003).  The IRS may serve a summons upon a third-party record keeper, such as banks and credit unions, in order to obtain information and documents relating to any person who is the subject of an IRS investigation, and within three days of the day on which service is made upon the record keeper, the subject of the investigation is entitled to notice that the summons had been served.  26 U.S.C. § 7609(a)(1)-(3); see also Beck, 60 Fed.Appx. at 552; Clay v. United States, 199 F.3d 876, 878 (6th Cir. 1999); Shisler v. United States, 199 F.3d 848, 850 (6th Cir. 1999).  "[N]otice of the right to file a

---

[2]In addition to Agent Brooks's declaration, the United States also attached to its motion a copy of the summons, Service of Summons, Notice and Record Keeper Certificates, and the certified mail receipts which show a mailing date of October 27, 2006 and a receipt date of October 30, 2006.

petition to quash is 'sufficient' if it is mailed by certified or registered mail to the last known address of the person entitled to notice."  Clay, 199 F.3d at 878; see also Shisler, 199 F.3d at 850; Faber v. United States, 921 F.2d 1118, 1119 (10th Cir. 1990); Stringer v. United States, 776 F.2d 274, 275 (11th Cir. 1985).

The petition to quash must be filed within twenty days of the date on which notice of the summons was mailed by certified or registered mail.  26 U.S.C. § 7609(b)(2)(A); see also Beck, 60 Fed.Appx. at 552; Shisler, 199 F.3d at 850 (explaining that the twenty-day limitation period begins to run from "the date on which notice is mailed to the taxpayer under investigation by certified or registered mail").  Since it is a jurisdictional requirement, the twenty-day period is strictly construed.  Shisler, 199 F.3d at 852 ("Fed. R. Civ. P. 6(e) does not extend the statute of limitations for commencing the suit by three days."); Clay, 199 F.3d at 879 ("The government's waiver of sovereign immunity ends – and thus jurisdiction ends – when the twenty-day limitation period has run.") (quoting Faber, 921 F.2d at 1119).  Courts have consistently dismissed petitions to quash filed only one or two days after the expiration of the limitation period.  See Beck, 60 Fed.Appx. at 552 (one day late); Shisler, 199 F.3d at 850 (two days late); Clay, 199 F.3d at 879 (two days late); Thompson-Perry v. United States, No. 04 CV 1249, 2004 WL 2828276, at *9 (N.D. Ohio Oct. 22, 2004) (two days late); Dennis v. United States, No. MS2

03-10, 2003 WL 21995480, at *1 (S.D. Ohio Aug. 15, 2003) (two days late).

In this case, Agent Brooks mailed the notice to Neely on October 27, 2006 via certified mail, within three days of issuing the summons.  The petition to quash had to be filed by November 16, 2006, to be considered timely.  Neely, however, did not file his petition until November 17, 2006, one day beyond the expiration of the twenty-day limitation period.  Based upon the well-established law within this circuit, the petition is untimely, and therefore it is submitted that this court lacks jurisdiction over Neely's petition to quash.

### III.  RECOMMENDATION

For the reasons above, it is recommended that the United States' motion to dismiss be granted and that Neely's petition to quash be denied.

Respectfully Submitted.

s/ Tu M. Pham

TU M. PHAM
United States Magistrate Judge

March 15, 2007

Date

### NOTICE

**IF ANY PARTY HAS ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT, THAT PART MUST FILE THOSE OBJECTIONS OR EXCEPTIONS WITHIN TEN (10) DAYS AFTER RECEIVING A COPY OF THIS REPORT.  28 U.S.C. § 636(b)(1)(C).**

**FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**